IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IRA T., | * | |
| | * | |
| v. | * | Civil Case No. GJH-17-1895 |
| | * | |
| COMMISSIONER OF SOCIAL SECURITY | * | |

******

**REPORT AND RECOMMENDATIONS**

Plaintiff, Ira T., has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $11,721.47, plus $483.83 in costs. ECF 22. Because Plaintiff did not consent to a magistrate judge for all proceedings, his request for attorney's fees and costs has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Social Security Administration ("SSA") has opposed Plaintiff's petition, asserting, in part, that it was filed untimely. ECF 25. Plaintiff has not responded to the SSA's timeliness argument, and his time for filing a response has now elapsed. For the reasons set forth below, I recommend that Plaintiff's Petition be DENIED.

**I.    BACKGROUND**

After an administrative denial of his application for Supplemental Security Income, on July 10, 2017, Plaintiff petitioned this Court to review the SSA's decision. ECF 1. After Plaintiff filed a motion for summary judgment, ECF 13, the SSA submitted a consent motion to remand his claims to the agency under sentence four of 42 U.S.C. § 405(g), ECF 20. This Court granted the consent remand on March 28, 2018, via a paperless order. ECF 21.

1

Following further administrative proceedings, Plaintiff received a fully favorable decision from the SSA dated November 29, 2018. ECF 22 at 2. On December 21, 2018, Plaintiff filed the instant petition for attorney's fees and costs under the EAJA.[1] ECF 22. Plaintiff's counsel, attorneys Bruce Bender and Michael J. Foley, submitted an itemized billing statement suggesting that they are entitled to EAJA fees for 57.40 hours of work in this Court. *Id.*

## II.    ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B). "Final judgment" is defined as "a judgment that is final and not appealable." *Id.* § 2412(d)(2)(G). In cases where a federal agency is a party, a notice of appeal must be filed within 60 days from the entry of judgment. Fed. R. App. P. 4(a)(1)(B). Accordingly, an otherwise appealable judgment becomes final and not appealable 60 days after its entry, when the time for appeal has run. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Federal Rules of Appellate Procedure define "entry of judgment" in relation Federal Rule of Civil Procedure 58, which, in turn, requires judgments to generally be "set out in a separate document." Fed. R. Civ. P. 58(a). Entry of judgment occurs when the separate document is docketed or, if a separate document is not docketed, when 150 days have passed from the entry of judgment in the civil docket. *See* Fed. R. App. P. 4(a)(7)(A)(ii).

---

[1] Plaintiff does not, in this petition, seek relief pursuant to any other statutes that might permit recovery of fees following an award of benefits at the agency level, such as 42 U.S.C. § 406(b) or 42 U.S.C. § 1383.

Here, the "judgment" triggering Plaintiff's eligibility for EAJA fees was the consent remand of his case to the SSA.[2] According to Plaintiff's own brief, "Plaintiff is a prevailing party by virtue of the fact that on March 29 [sic], 2018, this Court granted the Motion for Remand back to the Appeals Counsel for a re-hearing." ECF 22 at 2 (citing 42 U.S.C. § 402(g); *Bell v. Colvin*, Civil Action 4:11-CV-2114-TER, 2013 U.S. Dist. LEXIS 119917, at *2 n.2 (D.S.C. Aug. 22, 2013) ("A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes.")). The fact that Plaintiff subsequently prevailed, on remand, in his administrative proceedings is not relevant to determining the date of the judgment. *See Melkonyan v. Sullivan,* 501 U.S. 89, 95 (1991) (holding that the "final judgment" for EAJA purposes is the judgment by the Court in a civil action, not final disposition by the administrative agency).

Because Plaintiff's petition for attorney's fees was not filed until approximately nine months after the last action in this Court, it was untimely. It does not appear that the Fourth Circuit has determined whether a paperless order satisfies Rule 58's "separate document" requirement, but some other circuits have indicated that it does not. *See Barber v. Shinseki*, 660 F.3d 877, 879 (5th Cir. 2011) (per curiam); *Certain Underwriters of Lloyds of London v. Le*, 629 Fed. App'x 358, 360 (3rd Cir. 2015) (unpublished). If it does satisfy the "separate document" requirement, under Appellate Rule 4 entry of judgment occurred on March 28, 2018, and Plaintiff's EAJA motion would have been due between May 30, 2018, and June 29, 2018 (within thirty days after expiration of sixty-day window for appellate review, with extensions for a deadline falling on a weekend and federal holiday). However, even if a paperless order does not

---

[2] The question of whether a consent remand order is "appealable" at all, *see Luna v. Apfel*, 986 F. Supp. 275, 277-79 (collecting cases), was not an issue briefed by either party. However, even if it is considered not appealable, it would not affect the outcome in this case, because it would only shorten the amount of time Plaintiff had to file his EAJA fee petition, as the judgment would become final and not appealable immediately upon entry.

3

satisfy the "separate document" requirement, the result is the same. Under that interpretation, entry of judgment under Appellate Rule 4 would have occurred on August 25, 2018, 150 days after the paperless order of March 28, 2018, was entered in the civil docket. Plaintiff's EAJA motion would have been due within the thirty days following the expiration of the window for requesting appellate review (with extensions for a deadline falling on a weekend), between October 25, 2018 and November 26, 2018. Thus, no matter whether a paperless order satisfies the "separate document" requirement, Plaintiff's December 21, 2018, petition did not comply with the EAJA's thirty-day deadline for attorney's fee requests.

Although the thirty-day deadline applies to fee petitions, the EAJA does not specify a deadline for a prevailing claimant to seek reimbursement of his costs. 28 U.S.C. § 2412. However, this Court's Local Rules require that a bill of costs "be filed within fourteen (14) days of the entry of judgment." Local R. 109.1(a) (D. Md. 2018). The Rule further provides that "[n]on-compliance with these time limits shall be deemed a waiver of costs." *Id.* Plaintiff's December 21, 2018, petition for costs also must be denied as untimely filed.

### III. CONCLUSION

Based on the foregoing, I recommend that the Court DENY Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act, ECF 22. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de*

*novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: February 27, 2019                                          /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge